IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| SHERRICKIA COTTRELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:15-cv-319-WHA |
| ) | |
| BLUE VALLEY APARTMENTS, INC., ) | (WO) |
| d/b/a The Meadows, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

### I. Introduction

This cause is before the court on Plaintiff Sherrickia Cottrell's Motion to Remand (Doc. # 11), filed on June 17, 2015. Also before the court is the Defendant's Response to the Motion (Doc. # 13). The Plaintiff was invited to file a Reply by July 15, 2015, but has not done so.

This action contains state law tort claims. The parties dispute whether there is proper federal diversity jurisdiction under 28 U.S.C. § 1332. The aspect of jurisdiction in dispute is whether the amount in controversy requirement has been met. For the reasons to be discussed, the court finds that the Motion to Remand is due to be GRANTED.

### II. Motion to Remand Standard

Federal courts are courts of limited jurisdiction. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375 (1994); *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (1994); *Wymbs v. Republican State Exec. Comm.*, 719 F.2d 1072, 1076 (11th Cir. 1983), *cert. denied*, 465 U.S. 1103 (1984). As such, federal courts only have the power to hear cases that they have been authorized to hear by the Constitution or the Congress of the United States. *See Kokkonen*, 511

U.S. at 377.  Because federal court jurisdiction is limited, the Eleventh Circuit favors remand of removed cases where federal jurisdiction is not absolutely clear.  *See Burns*, 31 F.3d at 1095.

Because this case was originally filed in state court and removed to federal court, the Defendant bears the burden of proving that federal jurisdiction exists.  *Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1319 (11th Cir. 2001).

### III. Facts and Procedural Background

The Plaintiff filed her original State Court Complaint in the Circuit Court of Montgomery, Alabama on April 9, 2015.  The Complaint alleged that the Defendant tortiously "caused or allowed a dangerous condition to exist" in an apartment complex it owns, where the Plaintiff was visiting a relative.  (Doc. # 1-2 at 1–2 ¶¶ 5–6.)  The Plaintiff alleged the dangerous condition was standing water that created a slippery mildew or algae-based substance on the sidewalk and stairs, which caused Plaintiff to fall and sustain injuries.

The Defendant removed the case to this court on May 13, 2015.  (Doc. # 1.)  The Notice of Removal alleges that diversity jurisdiction exists because the Defendant is a citizen of Florida, the Plaintiff is a citizen of Alabama, and the types of injuries and damages claimed indicate the amount in controversy exceeds the jurisdictional threshold.  Specifically, the Defendant has alleged in the Notice of Removal that the fact that the Plaintiff claims permanent injury and requests both compensatory and punitive damages means the case is removable and proper jurisdiction exists.

### IV. Discussion

Federal diversity jurisdiction exists when the parties have complete diversity of citizenship and the amount in controversy exceeds $75,000.  28 U.S.C. § 1332(a).  The Defendant, as the party asserting that jurisdiction exists, has the burden of proving by a

preponderance of the evidence that removal was proper. *Williams*, 269 F.3d at 1319. As noted above, diversity of citizenship is not disputed in this case.

The Plaintiff argues that remand is warranted because her Complaint does not claim a specific amount of damages, and the amount in controversy is not facially apparent. Furthermore, the Plaintiff argues, the Defendant has not submitted any evidence to aid the court in ascertaining the amount in controversy. According to the Plaintiff, the Defendant has therefore failed to carry its burden of establishing that valid diversity jurisdiction exists.

In response, the Defendant argues that the extent and types of claims and damages listed in the Complaint establish by a preponderance of the evidence that the amount in controversy threshold has been met. The Defendant also makes much of the fact that the Plaintiff has not provided a clear disclaimer that she is not seeking more than $75,000. The Defendant argues that in the absence of such a disclaimer, "the Plaintiff has failed to meet her evidentiary burden to support remanding this case to state court." (Doc. # 13 at 6.)

In light of relevant case law, the court is persuaded by the Plaintiff's position. Neither side has submitted evidence beyond the Complaint, thus the court can only look to that document in attempting to ascertain the amount in controversy. As discussed above, the Defendant is the party with the burden of proving jurisdiction by a preponderance of the evidence. As the Defendant itself recognizes in its Response, this burden is satisfied when "a removing defendant makes specific factual allegations establishing jurisdiction and can support them with evidence combined with reasonable deductions, reasonable inferences, or other reasonable extrapolations." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010).

Therefore, the narrow issue before the court is what inferences it may properly draw from the Plaintiff's Complaint standing on its own, with no other evidence for guidance. In order for

3

the preponderance of the evidence standard to be satisfied, the court must be satisfied that the amount in controversy "more likely than not" exceeds $75,000. *Id.* at 752. In the *Pretka* decision, the Eleventh Circuit referred to its past decision in *Lowery v. Alabama Power Co.*, 483 F.3d 1184 (11th Cir. 2007). The panel in *Pretka* noted that the *Lowery* decision instructed as follows:

> If [the defendant's] evidence is insufficient to establish that removal was proper or that jurisdiction was present, neither the defendants nor the court may speculate in an attempt to make up for the notice's failings. The *absence of factual allegations pertinent to the existence of jurisdiction is dispositive* and, in such absence, *the existence of jurisdiction should not be divined by looking to the stars*.

*Id.* (quoting *Lowery*, 483 F.3d at 1214–15) (alteration in original) (emphasis added). Thus, the *Pretka* decision reaffirmed the holding in *Lowery* that in the absence of specific factual allegations as to the amount in controversy, the court is not permitted to guess whether the amount is met or not.

Elsewhere, the Eleventh Circuit has stated that where "a defendant alleges that removability is apparent from the face of the complaint," which is true in the instant case, "the district court must evaluate whether the complaint itself satisfies the defendant's jurisdictional burden." *Roe v. Michelin N. Am. Inc.*, 613 F.3d 1058, 1061 (11th Cir. 2010). The court may make "reasonable deductions, reasonable inferences, or other reasonable extrapolations," and should "use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements." *Id.* at 1061–62.

In *Snellgrove v. Goodyear Tire & Rubber Co.*, No. 4:13-CV-2062-VEH, 2014 WL 235367 (N.D. Ala. Jan. 22, 2014), the Northern District of Alabama was faced with a case very similar to the one before this court. There was no additional evidence submitted in connection with a motion to remand, and the defendant rested on the sufficiency of the pleadings in its

attempt to prove the amount in controversy.  *Id.* at *3–*4.  As the decision summarized: "This case is the classic 'fact free' case dealt with in *Lowery*."  *Id.* at *4.  Additionally, the underlying complaint was similar to the one at issue here because the plaintiff claimed permanent injury and a necessary surgery, and requested both compensatory and punitive damages.  *Id.* at *3–*4.

Faced with these circumstances, the court in *Snellgrove* recognized "that surgery, physical therapy, and disability payments can be expensive," but held that "to say, based only on the bare allegations of the complaint, that the costs of each of them, or all three combined, exceeds $75,000 would 'amount to unabashed guesswork, and such speculation is frowned upon.'"  *Id.* at *4 (quoting *Lowery*, 483 F.3d at 1210–11).  The court stated that generalized allegations of pain, financial hardship, and emotional distress did nothing to further aid its inquiry.  Finally, and important for the purposes of the instant analysis, the court found it could not say "that the claims for punitive damages, without a clear picture of the dollar value of compensatory damages, or more facts describing the defendants' alleged conduct, will make this case worth more than $75,000."  *Id.*  In summary, the court noted that, like the Defendant here, the defendants in *Snellgrove* "merely argue[d] that, because there is an outrage count which includes a request for punitive damages, the amount in controversy *must* be more than the jurisdictional threshold," and that "no *facts* [were] set out to assist the court in its analysis."  *Id.* at *8.  On that basis, the court found that remand was proper.  *Id.*

For the same reasons discussed in the *Snellgrove* decision, in this instance the court cannot say that the amount in controversy more likely than not exceeds $75,000.  The Defendant has relied on the nature of the claims, rather than the underlying facts, in support of its assertions that the threshold has been met.  Guided by the approach of *Snellgrove* and the precedent set

forth in *Lowery* and *Pretka*, the court finds that to conclude that this case is more likely than not worth more than $75,000 would amount to impermissible speculation and guesswork.[1]

In addition, the fact that the Plaintiff has not stipulated to an amount below the threshold is not fatal to the Motion to Remand as the Defendant has argued.  The Eleventh Circuit has analyzed this precise issue and has squarely rejected the proposition that the plaintiff's refusal to stipulate to damages establishes the amount in controversy.  *See Williams*, 269 F.3d at 1320 ("[A] refusal to stipulate standing alone does not satisfy [the defendant's] burden of proof on the jurisdictional issue.").

In summary, it is the Defendant that has the burden of establishing jurisdiction in this case, not the Plaintiff who has the burden of disproving it.  The Defendant has set forth only general arguments about the types of claims present in the case, has not presented any evidence outside the Complaint itself, and has tried to argue that the Plaintiff's refusal to stipulate to damages is sufficient to establish the requisite amount in controversy.  Under the circumstances, and in light of relevant precedent, the court cannot conclude that the amount in controversy more likely than not exceeds $75,000.  Therefore, the Motion to Remand will be GRANTED.

### V. Conclusion

For the foregoing reasons, it is hereby ORDERED as follows:

1. The Plaintiff's Motion to Remand (Doc. # 11) is GRANTED.

2. This case is REMANDED to the Circuit Court of Montgomery County, Alabama. The clerk is DIRECTED to take appropriate steps to effect the remand.

---

[1] For another Northern District of Alabama opinion following *Snellgrove*'s reasoning and result, see generally *McAlpine v. Home Depot U.S.A., Inc.*, No. 2:15-CV-0191-JEO, 2015 WL 2238115 (N.D. Ala. May 12, 2015).

DONE this 3rd day of August, 2015.

    /s/ W. Harold Albritton
W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE